UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD N. BATSON,<br>BEVERLY J. JONES-BATSON,<br>      Plaintiffs,<br>      v.<br>DEUTSCHE BANK TRUST AMERICAS, INDEPENDENT TRUSTEE FOR SASTA 2005-3 MORTGAGE BACKED ASSETS 2005-3, MORGAN STANLEY FINANCIAL, OCWEN MORTGAGE SERVICES, NORTH CASCADE TRUSTEE SERVICES, DOES 1-10, ALL OTHERS WITH SECURED INTEREST,<br>      Defendants. | No. 2:15-cv-00193-SAB<br><br>**ORDER DENYING MOTION TO REMAND AND DENYING COSTS** |

    Before the Court is Plaintiffs' Motion for Remand and Awarding of Costs, ECF No. 17, filed on August 21, 2015. Defendants removed this case from Spokane County Superior Court, Case No. 15-2-02434-0, to this Court, on July 24,

**ORDER DENYING MOTION TO REMAND AND DENYING COSTS** ~ 1

2015. ECF No. 1. For the reasons set forth below, Plaintiffs' requests to remand and for costs are **DENIED.**

28 U.S.C. § 1441(a) allows a defendant to remove a case from a state court to a federal district court so long as the district court has "original jurisdiction." 28 U.S.C. § 1332(a)(1) grants subject matter jurisdiction to this Court when there is diversity of citizenship of parties, and the amount in controversy exceeds $75,000.

The Court finds that diversity of citizenship exists. The Court takes notice that Plaintiffs are citizens of Washington; that Defendant Morgan Stanley is a citizen of New York and Delaware; that Defendant Deutsche Bank Trust Company Americas as Indenture Trustee for the registered holders of Saxon Asset Securities Trust 2005-3 Mortgage Loan Asset Backed Notes, Series 2005-3 is a citizen of New York; and that Defendant Ocwen Loan Servicing, LLC is a citizen of Florida and the U.S. Virgin Islands. *See* Notice of Removal, ECF Doc. 1, 3-4.

The Court also finds that Defendant North Cascade Trustee Services, Inc. is a nominal defendant. Federal courts must disregard formal or nominal parties when considering diversity of citizenship for subject matter jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980). A nominal defendant is one "who holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Most courts consider trustees in foreclosure suits as nominal parties, unless plaintiffs have alleged direct claims against them. *Prasad v. Wells Fargo Bank, N.A.*, No. C11-894-RSM, 2011 WL 4074300, at *4 (W.D. Wash. Sept. 13, 2011); *see also McPherson v. Purdue*, 21 Wn. App. 450 (1978).

Plaintiffs have alleged no specific claims against North Cascade or raised a cause of action at law that North Cascade is responsible for. Instead, Plaintiffs state they have "not named North Cascade as a Defendant." Notice of Removal, ECF Doc. 1, Ex. 1(b) at ¶ 27 (Plaintiffs' complaint stating behavior of North

**ORDER DENYING MOTION TO REMAND AND DENYING COSTS ~ 2**

Cascade "not unlawful enough to include"). Without any real claims, North Cascade is a neutral and nominal defendant, not recognized for diversity jurisdiction.[1] Thus, because Plaintiffs are citizens of Washington, and because Defendants are citizens of New York, Delaware, Florida, and the U.S. Virgin Islands, there is complete diversity of citizenship for purposes of 28 U.S.C. § 1332(a)(1).

Additionally, Plaintiffs have claimed over $75,000 in this case. *See, e.g.*, Notice of Removal, ECF Doc. 1, Ex. 1(b) at ¶ 97 (Plaintiffs' complaint claiming, for example, $203,750 in restitution of expenditures). Because there is complete diversity, and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction and is unable to remand; the motion to remand is **DENIED**.

The Court has broad discretion to award fees and costs, but in this circumstance costs are appropriate only if the removing party lacks an objectively reasonable basis in seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Because the case will not be remanded, an award of costs is improper, 28 U.S.C. § 1447(c), and the Plaintiffs' request is **DENIED.**

///
///
///
///
///
///
///
///

---

[1] North Cascade's nominal status also defeats application of the Forum Defendant Rule. *See* 28 U.S.C. § 1441(b)(2); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002).

**ORDER DENYING MOTION TO REMAND AND DENYING COSTS** ~ 3

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Remand is **DENIED.**

2. Plaintiffs' request to award costs is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel and to the pro se plaintiffs.

**DATED** this 11th day of September, 2015.



                                                        Stanley A. Bastian
                                                        United States District Judge

**ORDER DENYING MOTION TO REMAND AND DENYING COSTS** ~ 4