UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD N. BATSON, BEVERLY J. JONES-BATSON,<br><br>       Plaintiffs,<br><br>       v.<br><br>DEUTSCHE BANK TRUST AMERICAS, INDEPENDENT TRUSTEE FOR SASTA 2005-3 MORTGAGE BACKED ASSETS 2005-3, MORGAN STANLEY FINANCIAL, OCWEN MORTGAGE SERVICES, NORTH CASCADE TRUSTEE SERVICES, DOES 1-10, ALL OTHERS WITH SECURED INTEREST,<br><br>       Defendants. | No. 2:15-cv-00193-SAB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

//

//

//

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ^ 1**

*Introduction*

Before the Court is Plaintiffs Richard N. Batson and Beverly J. Jones-Batson's Motion for a Preliminary Injunction, ECF No. 16, seeking to enjoin the pending trustee's sale of the property in question.[1] Defendants Deutsche Bank Trust Company Americas as Indenture Trustee for the registered holders of Saxon Asset Securities Trust 2005-3 Mortgage Loan Asset Backed Notes, Series 2005-3 ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen") filed a response in opposition. ECF No. 30. The Court heard consolidated oral arguments on this motion, as well as pending motions to dismiss (ECF Nos. 4 and 15), on September 30, 2015, in Spokane, Washington. The Court has taken those arguments into account, and has reviewed the motion, responses, replies, declarations, affidavits, and documents submitted. For the reasons below, the Court **denies** the motion for a preliminary injunction.

*Material Facts*

In late June, 2005, Plaintiffs executed a promissory note and deed of trust in order to purchase the property in question in this action, 12910 East Sinto Avenue, Spokane Valley, Washington 99216. The deed of trust was recorded with the Spokane County Auditor that year. The loan was conveyed from Saxon Mortgage, the originator, to Deutsche Bank on September 29, 2005. The assignment was later recorded in Spokane County.

The Plaintiffs received their first payment statement in late July 2005. The amount due differed "with no explanation, [from the] amount previously outlined." ECF No. 1-3 at 32:18-19. The Plaintiffs then engaged in a five year effort, from July 2005 to October 2010, to "correct, clear up, and eventually end association" with Saxon Mortgage, the original lender. Id. at 32:22-23. Once Saxon Mortgage transferred the deed, the Batsons attempted to similarly contest

---

[1] Originally submitted as a request for a temporary restraining order, the Court converted the pro se request into a motion for a preliminary injunction. ECF No. 20.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ^ 2**

the terms of their loan with Ocwen, from March 2011 to October 2013. At some point, the Batsons defaulted on their loan payments.

A series of successor trustees were appointed over the loan, all of which were recorded. A Notice of Default was issued to Plaintiffs on May 20, 2014, by mail and posting. The most recent successor trustee, North Cascade Trustee Services, Inc., recorded a Notice of Trustee's Sale with Spokane County in late May, 2015.

The Plaintiffs filed a complaint on June 26, 2015 in Spokane County Superior Court. ECF No. 1-3. The complaint stated causes of action for Wrongful Foreclosure, Intent to Defraud, Wrongful Claim to Debt Secured by Deed, Violation of Consumer Rights, and Violation of Plaintiffs' Civil Rights. The case was removed to this Court's jurisdiction on July 24, 2015, and Plaintiffs moved for a preliminary injunction on August 21, 2015, to halt the trustee's sale.

### *Standard*

A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Alternatively, Plaintiffs must pass the "serious questions" test, which can justify a preliminary injunction if there are "serious questions going to the merits" and the Plaintiffs demonstrate that "the balance of hardship tips sharply towards" their favor, but only so long as the plaintiff also demonstrates that irreparable harm is likely—not just possible—and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Regardless of which standard is used, the Plaintiffs have not shown, at the least, serious questions going to the merits, as discussed below. Thus the Court does not

//

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ^ 3**

reach the other prongs of the test, as likely success or serious questions on the merits is necessary for the granting of an injunction.

### *Likelihood of Success on the Merits*

Plaintiffs root their request for a preliminary injunction in the Washington Deed of Trust Act, which provides "the only means by which one can seek to enjoin a trustee's sale." *Andrews v. Countrywide Bank*, No. C15-0428JLR, 2015 WL 1487093, at *2 (W.D. Wash. Apr. 1, 2015). Thus, for purposes of this motion, the Court only analyzes Plaintiffs' claims that impact this statute.

Plaintiffs bring a variety of broadly applicable claims, but none present a serious question on the merits.[2] In particular, Plaintiffs claim Defendants failed to serve notice of default; wrongfully initiated foreclosure; knowingly filed inaccurate documents; lacked authority to foreclose; and are attempting to collect an invalid debt. ECF No. 37 at 7:17-20. However, the sworn affidavits and documents presented by Defendants indicate that they acted in compliance with the Deed of Trust Act. ECF Nos. 31-34.

The records indicate that a Notice of Default was served. ECF No. 34-6. A bare assertion that no Notice of Default was served cannot stand against sworn affidavits saying it was, along with the documentary evidence, including the mailing receipts, Declaration of Posting, and photographic evidence. ECF No. 32, Ex. D & E. And, the evidence for the service of the Trustee's Sale is as strong. *Id.* Ex. C.

As discussed elsewhere, there can be no action for wrongful foreclosure before the trustee's sale has occurred. *Frias v. Asset Foreclosure Servs., Inc.*, 957 F. Supp. 2d 1264, 1270-71 (W.D. Wash. 2013). And, as above, Plaintiffs have not presented a serious question that Defendants have violated a material term of the Deed of Trust Act.

---

[2] Indeed, the Court dismissed the majority of Plaintiffs' claims, including any claims based on the Deed of Trust Act, in a separate order.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ^ 4**

1    As discussed in the Order Granting in Part and Denying in Part the Motions
2 to dismiss, the Plaintiffs' claims regarding fraud over the loan documents are time-
3 barred, RCW 4.16.080(4), and any other fraud claims are inadequately pled or
4 unsubstantiated by Plaintiffs' documents, Fed. R. Civ. P. 9(b); *Schreiber
5 Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir.
6 1986).
7    The evidence provided by Defendants indicates that Deutsche Bank is the
8 beneficiary of the deed of trust, ECF No. 34-3, and that the assignment of the deed
9 to Deutsche Bank was legitimate and properly recorded in Spokane County
10 records. ECF No. 30.
11    Finally, the evidence strongly indicates that the debt is valid. The signed
12 note and deed of trust have been presented. ECF No. 34-1. There are no plausible
13 allegations on the part of the Plaintiffs, other than bare assertions, that there is foul
14 play or fraud underlying the loan. *See also Frase v. U.S. Bank, N.A.*, No. C11-
15 1293JLR, 2012 WL 1658400, at *5 (W.D. Wash. May 11, 2012).
16    Though the Court does not consider the irreparable harm prong, it notes the
17 difficult situation facing the Plaintiffs at the prospect of losing their house. But
18 upon reviewing all of the documentation in this case and liberally construing the
19 pro se status of Plaintiffs, the Court concludes there are no serious questions upon
20 which the Court can grant a preliminary injunction.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ^ 5**

Accordingly, **IT IS HEREBY ORDERED:**

1. **Plaintiff's** motion for a preliminary injunction, ECF No. 16, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 6th day of November, 2015.

Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** ^ 6