UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD N. BATSON and BEVERLY J. JONES-BATSON,<br><br>       Plaintiffs,<br><br>       v.<br><br>DEUTSCHE BANK TRUST AMERICAS, Indentured Trustee for SASTA 2005-3 Mortgage Backed Assets 2005-3; MORGAN STANLEY FINANCIAL; OCWEN MORTGAGE SERVICES, NORTH CASCADE TRUSTEE SERVICES; DOES 1-10; and ALL OTHERS WITH SECURED INTEREST,<br><br>       Defendants. | No. 2:15-cv-00193-SAB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |

## *Introduction*

Before the Court is Defendants' Deutsche Bank Trust Company Americas as Indenture Trustee for SASTA 2005-3 Mortgage Backed Assets 2005-3 ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen")'s Motion to Dismiss, ECF No. 4, and Defendant Morgan Stanley's Motion to Dismiss for Failure to State a Claim, ECF No. 15. The Court has reviewed the motions, and the

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 1**

responses of pro se Plaintiffs Richard N. Batson and Beverly J. Jones-Batson, as well as the related replies, filings, and documents, including those submitted for judicial notice. For the reasons discussed below, the Court **grants in part and denies in part** the motion of Defendants' Deutsche Bank and Ocwen, ECF No. 4, and **grants** Defendant Morgan Stanely's motion, ECF No. 15.

## *I. Material Facts*

These facts, drawn from the Plaintiffs' complaint, are assumed true. On April 16, 2005, the Batsons entered an agreement to purchase the property contested in the instant action, 12910 East Sinto Avenue, Spokane Valley Washington 99216. The Plaintiffs executed a promissory note to finance the home purchase, and the deed of trust was executed on July 3, 2005. The Plaintiffs received their first payment statement in late July 2005. The amount due differed "with no explanation, [from the] amount previously outlined." ECF No. 1-3 at 32:18-19. The Plaintiffs then engaged in a five year effort, from July 2005 to October 2010, to "correct, clear up, and eventually end association" with Saxon Mortgage, the original lender. *Id.* at 32:22-23. Once Saxon Mortgage transferred the deed, the Batsons attempted to similarly contest the terms of their loan with Ocwen, from March 2011 to October 2013. At some point, the Batsons defaulted on their loan payments.

The Batsons unsuccessfully attempted to secure information about their loan from Saxon Mortgage, Ocwen, and Deutsche Bank from March 2011 through July 2013. After sending a demand letter in July 2014, the Batsons did not receive word from the Defendants until January 2015, when Ocwen began sending letters "claiming debt and attempting debt collection by way of invoices for reinstated loan, required insurance and threats of foreclosure." *Id.* at 33:13-16. A Notice of Trustee Sale was posted on the property on March 28, 2015, which was filed on June 1, 2015 with the Spokane County Auditor.

//

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 2**

The Plaintiffs' filed a complaint on June 26, 2015 in Spokane County Superior Court. ECF No. 1-3. The complaint stated causes of action for Wrongful Foreclosure, Intent to Defraud, Wrongful Claim to Debt Secured by Deed, Violation of Consumer Rights, and Violation of Plaintiffs' Civil Rights.[1] The case was removed to this Court's jurisdiction on July 24, 2015, and Plaintiffs moved for a preliminary injunction on August 21, 2015, to halt the trustee's sale.

## II. Standard

A motion to dismiss for failure to state a claim may be granted only when the plaintiff's allegations, taken as true, demonstrate the plaintiff is not entitled to relief as a matter of law. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Mendocino Environ. Cntr. v. Mendocino Cnty.*, 14 F.3d 457, 460 (9th Cir. 1994). The Court accepts all allegations in the complaint as true, and draws reasonable inferences in favor of the plaintiff. *Hays v. City of Spokane*, No. CV-11-0010-LRS, 2011 WL 4852311, at *2 (E.D. Wash. Oct. 13, 2011). Furthermore, the complaint must be construed in the light most favorable to the plaintiff. *Parks Schl. of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the Court need not take legal conclusions as factual allegations. *Iqbal*, 556 U.S. at 678. Overall, the claims for relief must be plausible on their face. *Id.*

## III. Judicial Notice

The Court first considers Defendants' Request for Judicial Notice, ECF No. 5. A document not attached to a complaint may be incorporated by reference into a complaint if the plaintiff extensively refers to the document, or if the document forms the basis of the plaintiff's claim. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Defendants may offer such documents in a Rule 12(b)(6) motion to dismiss and the Court may consider such documents as part of the complaint and assume them true. *Id.* Additionally, the Court can take judicial

---

[1] These claims cite large chapters of the Revised Code of Washington and entire titles of the United States Code. The Court has liberally construed the pro se complaint, "which must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 3**

notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Defendants request the Court take judicial notice of several documents related to the Plaintiffs claims in this case: the Deed of Trust, recorded in Spokane County, Document No. 5240753; the Appointment of Successor Trustee, recorded in Spokane County, Document No. 6039643; the Appointment of Successor Trustee, recorded in Spokane County, Document No. 6399575; and the Notice of Trustee's Sale, recorded in Spokane County, Document No. 6402728. Plaintiffs reference these documents in the complaint, and they make up the basis of their claims. Additionally, they are public records and their accuracy cannot reasonably be questioned. *Justo v. Charter Capital Corp.*, No. 5:11-CV-00670 EJD, 2012 WL 359738, at *1 n.1 (N.D. Cal. Feb. 2, 2012). The Court therefore takes judicial notice of the above documents, and proceeds to consider the instant motions as Rule 12(b)(6) motions to dismiss without converting them into motions for summary judgment. *Ritchie*, 342 F.3d at 909.

### IV. Deutsche Bank and Ocwen's Motion to Dismiss, ECF No. 4

The Court proceeds to discuss each of Plaintiffs' claims in turn. Deutsche Bank and Ocwen's motion, ECF No. 4, seeks to dismiss all of Plaintiffs' claims.

#### A. Wrongful Foreclosure (Washington Deed of Trust Act and Consumer Protection Act)

The Deed of Trust Act provides the only method for enjoining or restraining a nonjudicial foreclosure in Washington State. *Andrews v. Countrywide Bank*, No. C15-0428JLR, 2015 WL 1487093, at *2 (W.D. Wash. Apr. 1, 2015). A court can enjoin the trustee's sale on any proper legal or equitable ground. RCW 61.24.130(1). But Plaintiffs do not plausibly set forth any specific provisions of the Deed of Trust Act that Defendants violated. *Moon v. GMAC Mortg. Corp.*, No. C08-969Z, 2009 WL 3185596, at *6 (W.D. Wash. Oct. 2, 2009). The documents provided by Defendants, and taken under judicial notice and assumed true,

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 4**

indicate that the nonjudicial foreclosure process was followed. Given Plaintiffs' significant default of payments, there is no basis to restrain the foreclosure sale.

Additionally, any damages claim for wrongful foreclosure under the Deed of Trust Act must fail as a matter of law. Courts agreed that no damages can occur absent a foreclosure sale. *Pfau v. Wash. Mutual, Inc.*, No CV-08-00142-JLQ, 2009 WL 484448, at *12 (E.D. Wash. Feb. 24, 2009). And though the Washington Supreme Court has held that violations of the Deed of Trust Act may provide an action under the Consumer Protection Act in the absence of a completed foreclosure sale, *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn. 2d 412, 429 (2014), as above, the Plaintiffs have not plausibly alleged a violation of the Deed of Trust Act, given the deed and loan documents presented by Defendants. Thus Plaintiffs' claims under the Deed of Trust Act, Violation of Consumer Rights (construed as the Consumer Protection Act), and Wrongful Claim to Debt Secured by Deed,[2] are **dismissed**.

### B. Fraud Claims

A Washington fraud claim must show: "(1) a representation of an existing fact; (2) the fact is material; (3) the fact is false; (4) the defendant knew the fact was false or was ignorant of its truth; (5) the defendant intended the plaintiff to act on the fact; (6) the plaintiff did not know the fact was false; (7) the plaintiff relied on the truth of the fact; (8) the plaintiff had a right to rely on it; and (9) the plaintiff had damages." *Baddeley v. Seek*, 138 Wash. App. 333, 338-39 (2007).

In the Ninth Circuit, negligent misrepresentation and circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b); *Brophy v.*

---

[2] There is no cause of action for Wrongful Claim to Debt Secured by Deed in Washington State. The Court notes that any plausible cause of action this claim could be construed as has been time-barred, given the fact that Plaintiffs admit knowledge of alleged problems in the loan documents dating to 2005. *Life Church v. GMAC Mortgage Corp.*, No. C06-651RSM, 2007 WL 1185861, at *1 (W.D. Wash. Apr. 20, 2007) (Plaintiff aware of problems underlying claims where he contacted the loan servicing company about it); *Brown v. Household Realty Corp.*, 146 Wash. App. 157, 164, 189 P.3d 233, 236 (2008) ("[A] person is not required to have knowledge of the existence of a legal cause of action, but merely knowledge of the facts necessary to establish the elements of the claim."). *See also* RCW 4.16.040 (statute of limitations for written contract is six years); RCW 19.86.120 (four year statute of limitations for Consumer Protection Act).

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 5**

*JPMorgan Chase Bank Nat. Ass'n*, No. 13-CV-0293-TOR, 2013 WL 6273583, at *2 (E.D. Wash. Dec. 4, 2013). The Plaintiff must allege "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

The Plaintiffs have not sufficiently alleged the circumstances constituting fraud, let alone all nine elements. They generally allege that the documents are fraudulent, and that the loans presented are not the ones they signed. They also state that at one point that the assignee's name is in a different font from the rest of the assignment. At no point do the Plaintiffs ever state what is fraudulent about the documents. The allegation that something in the document is fraudulent is the sort of conclusory allegation that does not reach the Rule 9(b) standard.

Additionally, if the applicable statute of limitations time-bars a claim, it is properly dismissed for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007). The statute of limitations for fraud in Washington is three years after the discovery of the fraudulent conduct. RCW 4.16.080(4). Since the Plaintiffs allege they were aware of the alleged fraud in the loan documentation in 2005, no fraud claims surrounding the loans can survive the statute of limitations. This also eliminates any fraud claims based on the assignment of the deed of trust, which occurred on October 11, 2011. ECF No. 30 at 4. Any fraud claim after that point still fails, as the Plaintiffs have not shown justifiable reliance, or the specific falsehoods they relied on. For the above reasons, the fraud claims are **dismissed.**

### 1. Challenge to Assignment

Plaintiffs cannot prevail on any claim behind the assignment. Borrowers lack the standing to challenge assignments, even fraudulent ones, unless the borrower shows a "genuine risk of paying the same debt twice." *Borowski v. BNC Mortgage, Inc.*, No. C12–5867 RJB, 2013 WL 4522253, at *5 (W.D. Wash. Aug. 27, 2013); *Brodie v. Nw. Trustee Servs., Inc.*, No. 12-CV-0469-TOR, 2012 WL

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 6**

6192723, at *2-3 (E.D. Wash. Dec. 12, 2012). There is no indication in the filings of a risk of double-payment, and the assignment is legitimate. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (plaintiffs unable to show a potentially unlawful designation of beneficiary caused injury by affecting terms of loan, ability to repay, or obligations as borrowers). This claim is thus **dismissed**.

### C. Civil Rights Claims

Plaintiffs allege civil rights violations. Since there are no state actors or acts at issue here, there can be no liability for civil rights violations. *Cummings v. Guardianship Servs. of Seattle*, 128 Wash. App. 742, 758 (2008). The Ninth Circuit has explicitly held that a lawful trustee's sale is not under color of state law for civil rights purposes. *Brophy v. JPMorgan Chase Bank Nat'l Ass'n*, 2013 WL 6273583, at *3 (E.D. Wash. Dec. 4, 2013) (citing *Apao v. Bank of New York*, 324 F.3d 1091, 1093-95 (9th Cir. 2003)). The civil rights claim is **dismissed** as a matter of law.

### D. Review of Potential Federal Statutory Claims

In an abundance of caution in litigation involving pro se plaintiffs, the Court next reviews potential claims under applicable federal statutes.

#### 1. Truth in Lending Act ("TILA") Claim

"A TILA violation occurs at the time the loan documents are signed." *Vatomanyuk v. Quality Loan Serv. Corp. of Washington*, 699 F. Supp. 2d 1242, 1244-45 (W.D. Wash. 2010) (citing *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003)). For mortgage-related violations, a three-year statute of limitations applies. 15 U.S.C. § 1640(e). Since the loan documents were signed in 2005, and Plaintiffs allege knowledge of any alleged fraud or misrepresentations in 2005, the statute of limitations has run and any TILA claims fail.

//

//

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 7**

### 2. Fair Debt Collection Procedures Act ("FDCPA") Claim

Plaintiffs likewise cannot raise a Fair Debt Collection Procedures Act claim, as courts have held it is inapplicable to foreclosures. *See, e.g.*, *Cheung v. Wells Fargo Bank, N.A.*, 987 F. Supp. 2d 972, 977 (N.D. Cal. 2013).

### 3. Real Estate Settlement Procedures Act ("RESPA") Claim

The Plaintiffs have set forth a RESPA claim which survives the motion to dismiss. The statute of limitations for RESPA claims is three years. 12 U.S.C. § 2614; *Padilla v. One West Bank*, No. 10-04080 CW, 2010 U.S. Dist. LEXIS 134387, at *15 (N.D. Cal. Dec. 20, 2010). Thus only violations occurring after June 23, 2012 (three years before the complaint was filed) can survive. Plaintiffs allege they sent a Qualified Written Request to Defendants on January 15, 2015. Compl. ¶ 79. They allege requesting information on their loan balance, explanation of fees; terms and conditions of amounts due; and penalties, and that Defendants did not respond adequately. This is sufficient to set forth a plausible claim under RESPA. *See Pelayo v. Home Capital Funding*, No. 08-CV-2030 IEG (POR), 2009 U.S. Dist. LEXIS 44453, at ¶¶ 8-11 (S.D. Cal. May 22, 2009) (alleging failure to respond to Qualified Written Requests sufficient to survive a motion to dismiss). Any claims for RESPA violations occurring after June 23, 2012 survive the motion, and the Defendants' motion is thereby **denied in part**.

### 4. Federal Credit Rating Act

Any potential FCRA claim cannot survive, as Plaintiffs have not alleged that any credit ratings agencies notified Defendants or what information is allegedly inaccurate. *See Wood v. Greenberry Fin. Servs., Inc.*, 907 F. Supp. 2d 1165, 1178 (D. Haw. 2012), *abrogated on other grounds,* 761 F.3d 1046 (9th Cir. 2014). Thus any claims under the FCRA are **dismissed**.

### E. Summary of Deutsche Bank and Ocwen's Motion to Dismiss

For the reasons discussed above, Defendants Deutsche Bank and Ocwen's Motion to Dismiss is **granted in part, and denied in part**. Only the Plaintiffs'

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 8**

RESPA claims remain. However, "leave to amend [the complaint] must be granted [to the Plaintiffs] unless it is clear that the complaint's deficiencies cannot be cured by amendment." *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Therefore, the Plaintiffs are granted thirty days to file a first amended complaint addressing any deficiencies described above.

### V. Morgan Stanley's Motion to Dismiss, ECF No. 15

Defendant Morgan Stanley has filed a separate motion to dismiss based on a corporate liability theory. Morgan Stanley argues that it cannot be held liable for allegedly illegal activities of its subsidiary, barring unusual circumstances.

The Court agrees. A corporation's veil cannot be pierced absent unusual or exceptional circumstances, in which the corporate form is used to avoid legitimate legal obligations. *See Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1120 (C.D. Cal. 2010); *Culinary Workers & Bartenders Union v. Gateway Cafe, Inc.*, 91 Wn. 2d 353, 366 (1979). Absent these circumstances, "a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

The Plaintiffs do not present any evidence that Morgan Stanley is evading legitimate liabilities, or that Morgan Stanley is operating as an alter ego for Saxon Mortgage, the alleged subsidiary company. In their response, Plaintiffs state they were "under the impression that Defendant Morgan Stanley would know they were liable for the actions of Saxon Mortgage . . . ." ECF No. 19 at 6:4-5. Plaintiffs also reference a news article where Morgan Stanley was ordered by the Federal Reserve to review foreclosures conducted by Saxon Mortgage.

But as discussed above, there is no plausible indication on Plaintiffs' part that Saxon Mortgage engaged in impropriety on the part of the Plaintiffs' deed in trust. Even if there was, it would not supply the "unusual circumstances" needed to pierce the corporate veil, such as alter ego liability or avoiding legitimate obligations. Indeed, under any potential claim, the statute of limitations bars

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 9**

activities by Saxon Mortgage. Thus, Morgan Stanley's motion to dismiss is **granted**, and the claims against it are **dismissed with prejudice**. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (a district court may deny leave to amend when any proposed amendment would be futile).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Deutsche Bank and Ocwen's Motion to Dismiss, ECF No. 4, is **granted in part and denied in part**, in accord with the reasoning above.

2. Defendant Morgan Stanley's Motion to Dismiss, ECF No. 15, is **granted**. Defendant Morgan Stanley is **dismissed with prejudice**.

3. Plaintiffs are granted leave to amend their complaint, and must file their first amended complaint no later than thirty days from the publication of this order.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel and pro se Plaintiffs.

**DATED** this 6th day of November, 2015.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS ^ 10**