# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD N. BATSON, BEVERLY J. JONES-BATSON, Plaintiffs, v. DEUTSCHE BANK TRUST AMERICAS, INDEPENDENT TRUSTEE FOR SASTA 2005-3 MORTGAGE BACKED ASSETS 2005-3, MORGAN STANLEY FINANCIAL, OCWEN MORTGAGE SERVICES, NORTH CASCADE TRUSTEE SERVICES, DOES 1-10, ALL OTHERS WITH SECURED INTEREST, Defendants. | No. 2:15-cv-00193-SAB  **ORDER DENYING PRELIMINARY INJUNCTION AND PARTIALLY GRANTING MOTION TO AMEND COMPLAINT** |

//
//
//

Before the Court are Plaintiffs' Motion for a Preliminary Injunction[1], ECF No. 149, and Defendant's Motion to Amend the Complaint, ECF No. 97. Plaintiffs Richard Batson and Beverly Jones-Batson appear pro se, and Defendants Ocwen Mortgage Services and Deutsche Bank Trust Americas, Independent Trustee (Defendants) are represented by Robert Norman and Cara Christensen. The motions were heard without oral argument.

For the reasons below, the Court **grants in part and denies in part** the motion to amend the complaint, and **denies** the motion for a preliminary injunction. The Court **dissolves** the temporary restraining order in effect and **lifts** the stay in this case.

A complaint alleging causes of action for violations of the Real Estate Procedures Act ("RESPA") and various claims under the Washington Consumer Protection Act ("CPA") survives, and the Court orders that a scheduling conference be held to set a case schedule.

**RELEVANT FACTS**

On April 16, 2005, Beverly J. Jones-Batson and Richard N. Batson entered an agreement to purchase the property contested in the instant action, 12910 East Sinto Avenue, Spokane Valley Washington 99216. The Plaintiffs executed a promissory note to finance the home purchase, and the deed of trust was executed on July 3, 2005. The Plaintiffs received their first payment statement in late July 2005. The amount due differed "with no explanation, [from the] amount previously outlined." ECF No. 1-3 at 32:18-19. The Plaintiffs then engaged in a five year effort, from July 2005 to October 2010, to "correct, clear up, and eventually end association" with Saxon Mortgage, the original lender. *Id.* at 32:22-23. Once Saxon Mortgage transferred the deed, the Batsons attempted to similarly

---

[1] This order also disposes of ECF No. 74, an earlier version of Plaintiffs' motion for an injunction.

contest the terms of their loan with Ocwen, from March 2011 to October 2013. In 2009, the Batsons defaulted on their loan payments.

The Batsons unsuccessfully attempted to secure information about their loan from Saxon Mortgage, Ocwen, and Deutsche Bank from March 2011 through July 2013. After sending a demand letter in July 2014, the Batsons did not receive word from the Defendants until January 2015, when Ocwen began sending letters "claiming debt and attempting debt collection by way of invoices for reinstated loan, required insurance and threats of foreclosure." *Id.* at 33:13-16. A Notice of Trustee Sale was posted on the property on March 28, 2015, which was filed on June 1, 2015 with the Spokane County Auditor.

The Plaintiffs' filed a complaint on June 26, 2015 in Spokane County Superior Court. ECF No. 1-3. The complaint stated causes of action for Wrongful Foreclosure, Intent to Defraud, Wrongful Claim to Debt Secured by Deed, Violation of Consumer Rights, and Violation of Plaintiffs' Civil Rights. The case was removed to this Court's jurisdiction on July 24, 2015, and Plaintiffs moved for a preliminary injunction on August 21, 2015, to halt the trustee's sale.

The Court dismissed Defendant Morgan Stanley with prejudice and dismissed Plaintiffs' claims for various federal statutory violations, Wrongful Foreclosure, Fraud, and civil rights claims. ECF No. 57. A Real Estate Settlement Procedures Act claim survived. The Court also denied a motion for an injunction, finding Plaintiffs unlikely to prevail on any claim that could halt the foreclosure.

Plaintiffs filed a second action in state court, which was promptly removed to this Court. The Court dismissed this second case with prejudice on March 22, 2016, on grounds of claim preclusion.

Plaintiffs proceeded to file a motion to stay and a motion for a temporary restraining order ("TRO"), which the Court denied. On April 14, 2016, a trial was set for April 10, 2017.

Defendants proceeded with the trustee's sale on July 22, 2016, and the property reverted to the trust. In face of the sale of their house, Plaintiffs then filed another motion for a preliminary injunction on August 1, 2016, attesting they would be evicted in days. The Court construed the motion as one for a TRO, and granted the motion. ECF No. 81.

A motion hearing was held on Dec. 16, 2016, where argument was heard on the injunction and a motion to strike. The Court concluded it would take the matters under advisement. On Jan. 10, 2017, the Court entered an order staying the case and consideration of the motions until the question of pro bono counsel could be answered. No pro bono counsel was appointed, because there were no volunteers. A lawyer from Seattle volunteered to meet with and provide advice to the Batsons, and his involvement has been very helpful to the Court.

Various delays, scheduling conflicts and untimely filings lead to the postponement of the consideration of these motions. After in-person conferences were held in June 2017, the Court gave all parties a final opportunity to file briefing, and stated that the pending motions would be taken under advisement without oral argument.

**MOTION TO AMEND COMPLAINT, ECF NO. 97**

Amendment should be freely given when justice so requires. Fed. R. Civ. P. 15(a). There are "Five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Amendment is futile if it is evident that that complaint cannot be saved by amendment, *i.e.*, amendment would be futile with no set of facts possible to prove the claim.

The Court proceeds to analyze the parties' arguments on each claim as enumerated in the proposed amended complaint, ECF No. 149-1.

ORDER DENYING PRELIMINARY INJUNCTION AND PARTIALLY . . . ^ 4

**1. RESPA Claims**. The Court previously discussed Plaintiffs' alleged RESPA claims. *See* ECF No. 57 at 8. Any claims for RESPA violations occurring after June 23, 2012 (the earliest possible date for RESPA claims to survive the statute of limitations) survive the motion in the complaint, including a pattern and practice claim under 12 U.S.C. § 2605(f)(B). Testing the sufficiency of individual RESPA claims will require factual determinations beyond the scope of a motion to amend. Thus the motion to amend is **granted** for any RESPA claim occurring after June 23, 2012.

**2. CPA Claims**. Plaintiffs allege CPA claims under several different theories. First, Plaintiffs claim that RESPA violations allow per se CPA claims. This appears to be the case. *See Anderson v. Wells Fargo Home Mortg., Inc.*, 259 F. Supp. 2d 1143, 1147 (W.D. Wash. 2003) *Brazier v. Sec. Pac. Mortg., Inc.*, 245 F. Supp. 2d 1136, 1142 (W.D. Wash. 2003). Thus any CPA claim predicated on RESPA violations may proceed, and the motion to amend is **granted** in part.

As discussed below, because no Deed of Trust Act claim can survive, no CPA claim based on a Deed of Trust Act violation may survive either. This also carries for any conversion or unjust enrichment claim. No unjust enrichment claim can proceed when the claims issue from the contract's subject matter. *Polygon Nw. Co. v. Louisiana-Pac. Corp.*, 2012 U.S. Dist. LEXIS 89980, at *16 (W.D. Wash. June 27, 2012).

And similarly, no CPA claim based on a violation of the covenant of good faith and fair dealing without specific mention of acts contrary to specific terms contained in the contract, or in this case, the note and deed of trust. Badgett v. Sec. St. Bank, 116 Wn. 2d 563, 570 (1991). Plaintiffs have not alleged acts by Defendants outside of the enforcement of obligations under the note, and a CPA claim cannot proceed on such a theory.

ORDER DENYING PRELIMINARY INJUNCTION AND PARTIALLY . . . ^ 5

However, Plaintiffs may have sufficiently alleged a CPA claim under an unaddressed theory. As an agreement in writing, the deed of trust foreclosure remedy is subject to a six-year statute of limitations. *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wash. App. 423 (2016). The statute of limitations begins to run when a payment is last made. According to the complaint, Plaintiffs' last payment was around March 2009. Defendants did not start collecting until the unexpired Notice of Trustee Sale was filed on March 17, 2016. Thus, any payments due over six years before March 17, 2016 (or March 17, 2010) are beyond the statute of limitations. Any payments from July 2009 to March 2010 are beyond collection. However, in their notice of foreclosure, Defendant specifically tried to collect on all of the debt incurred by Plaintiffs.

It may be a violation of the CPA to collect on debt that is beyond the statute of limitations. *See* RCW 19.16.100. Every act in violation of the CPA potentially renders a defendant liable for a $2,000 penalty. RCW § 19.86.140; *State v. Ralph Williams' N. W. Chrysler Plymouth, Inc.*, 87 Wn. 2d 298, 298 (1976) ("Consumer Protection Act vests trial court with power to assess penalty for each violation rather than merely on basis of one penalty per customer."). Further, Plaintiffs' CPA claims may be timely, because these claims accrue when Defendant acts to collect the debt.

Plaintiffs may have adequately pled a CPA claim for every attempt to collect stale debt within the statute of limitations of the filing of Plaintiffs' initial complaint. Thus the motion to amend is **granted in part** to allow CPA claims to proceed on this theory, as it does not appear at this point to be futile to allow such a claim to proceed. The parties may address legal or factual arguments as to why this claim is improper in a motion for summary judgment.

**3. Claims related to Assignment of Deed**. The Court previously discussed Plaintiffs' alleged claims related to the assignment of the deed. *See* ECF No. 57 at

ORDER DENYING PRELIMINARY INJUNCTION AND PARTIALLY . . . ^ 6

6. Borrowers lack the standing to challenge assignments, even fraudulent ones, unless the borrower shows a "genuine risk of paying the same debt twice." *Borowski v. BNC Mortgage, Inc.*, No. C12–5867 RJB, 2013 WL 4522253, at *5 (W.D. Wash. Aug. 27, 2013); *McGill v. Baker*, 147 Wn. 394, 266 P. 138 (1928) (only party to an assignment can challenge its validity). Thus the motion to amend is **denied** in terms of all claims based on the assignment of the deed where Plaintiffs lack standing.

**4. Intentional Conversion**. Plaintiffs seek to amend their complaint with a cause of action for conversion. To prevail on a claim for conversion, a plaintiff must prove the following elements: (1) that the defendant willfully interfered with a chattel; (2) that the defendant acted without lawful justification; (3) that the plaintiff was entitled to possession of the chattel; and (4) that the plaintiff was deprived of such possession. *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wn. 2d 601, 619, 220 P.3d 1214, 1223 (2009). As the Court concluded previously, Defendants complied with the requirements of the Washington Deed of Trust Act, which governs the procedure of non-judicial foreclosures in Washington. Thus, as a matter of law any conversion claims fails as Defendants are lawfully justified in taking possession.

Because a conversion claim will necessarily fail as a matter of law, it would be futile to allow Plaintiffs to amend their complaint to allege such a claim. Thus the motion to amend is **denied** for this claim.

**5. Fraud.** The Court previously dismissed a claim for fraud. See ECF No. 57 at 5. The proposed amended complaint does not describe, with the specificity required by Fed. R. Civ. P. 9(b), the "who, what, when, and where" required for fraud claims. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The claim for fraud is still legally deficient, and granting the motion to amend the

ORDER DENYING PRELIMINARY INJUNCTION AND PARTIALLY . . . ^ 7

complaint to allow a fraud claim would be futile. The motion is therefore **denied** in terms of amending the complaint to register a claim for fraud.

**6. False Swearing.** The statute describing false swearing, RCW 61.30.010, applies to "real estate contracts" where deeds are retained by sellers as security. It is undisputed that Plaintiffs' house is secured by a deed of trust, governed instead by the Washington Deed of Trust Act. Any claim for false swearing would fail as a matter of law, and thus allowing the complaint to reflect one would be futile. The motion to amend the complaint is **denied in part** in terms of a claim for false swearing.

**7. Washington State Deed of Trust Act ("DTA") Claims.** The Court concludes that no material violation of the DTA has been alleged. *See* ECF No. 57 at 4. Plaintiffs incorrectly rely on authorities to argue that the time for Defendants to foreclose on the property has passed. A foreclosure under the Deed of Trust Act may properly be commenced before the due date of the note. RCW 62A.3-118; *Edmundson v. Bank of Am.*, No. 74016-L, 2016 WL 3853751 (Wash. Ct. App. July 11, 2016). Allowing a DTA claim to proceed would be futile, and the motion to amend the complaint as far as reviving a DTA claim is **denied**.

**MOTION FOR PRELIMINARY INJUNCTION, ECF NOS. 74 & 149**

A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winters v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Alternatively, Plaintiffs must pass the "serious questions" test, which can justify a preliminary injunction if there are "serious questions going to the merits"

ORDER DENYING PRELIMINARY INJUNCTION AND PARTIALLY . . . ^ 8

and the Plaintiffs demonstrate that "the balance of hardship tips sharply towards" their favor, but only so long as the plaintiff also demonstrates that irreparable harm is likely—not just possible—and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Because the Court concludes that Plaintiffs have not shown a likelihood of success on the merits, there is no need to address the other factors of a preliminary injunction test. The Washington DTA provides "the only means by which one can seek to enjoin a trustee's sale." *Andrews v. Countrywide Bank*, No. C15-0428JLR, 2015 WL 1487093, at *2 (W.D. Wash. Apr. 1, 2015). None of the causes of action that the Court allows to be inserted into the amended complaint provide a basis for halting the trustee's sale, nor do they provide a basis for undoing it. Here, the trustee's sale has already occurred, so any claim by Plaintiffs based on DTA violations would likely fail.

However, as the Court previously concluded, and again concludes today, Plaintiffs have not shown any material violation of the DTA process and procedure which allows lenders to obtain a non-judicial foreclosure. See *supra*; ECF No. 56 at 4. The Deed and Note in this case allow Defendants to seek such a foreclosure; and Plaintiffs have been delinquent on their loan for a number of years. The trustee sale complied with the DTA, and the Trustee Deed provided prima facie evidence of compliance. *Plein v. Lackey*, 149 Wn. 2d 214, 228 (2003).

Prejudice, independent of the Plaintiffs' default, must be shown before a trustee's sale will be set aside. *Bavand v. OneWest Bank, FSB*, 587 F. App'x 392, 394 (9th Cir. 2014). Because the foreclosure and trustee's sale proceeded through the proper procedure with proper notice given, no prejudice has been shown.

For the above reasons, the motions for a preliminary injunction have not shown a likelihood for success on the merits, and are **denied.**

//

//

ORDER DENYING PRELIMINARY INJUNCTION AND PARTIALLY . . . ^ 9

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for a Preliminary Injunction, ECF No. 149, is **DENIED**.

2. The Temporary Restraining Order preventing foreclosure or eviction of Plaintiffs from the property in question is **DISSOLVED**.

3. The stay in this case is **LIFTED**.

4. Plaintiffs' earlier motion for an injunction, ECF No. 74, is **DENIED**.

5. Plaintiffs' Motion to Amend the Complaint, ECF No. 97, is **GRANTED IN PART AND DENIED IN PART**, as described above. A complaint alleging claims in accordance with this Order may be filed.

6. The parties shall provide dates of availability to the Courtroom Deputy for a scheduling conference to be held no later than October 1, 2017.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and to pro se Plaintiffs.

**DATED** this 30th day of August, 2017.



_____
Stanley A. Bastian
United States District Judge