FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD N. BATSON and BEVERLY J. JONES-BATSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEUTSCHE BANK TRUST AMERICAS, INDENTURED TRUSTEE FOR SASTA 2005-3 MORTGAGE BACKED ASSETS 2005-3, OCWEN LOAN SERVICING LLC,<br><br>    Defendants. | No. 2:15-cv-00193-SAB<br><br>**ORDER DISMISSING CASE** |

    Before the Court is Defendants' Motion to Dismiss for Plaintiffs' Failure to File an Amended Complaint Pursuant to Two Court Orders, ECF No. 178. The motion was heard without oral argument. Defendants request the Court exercise its discretion under Federal Rule of Civil Procedure 41(b), and dismiss this action for Plaintiffs' failure to comply with two court orders. For the following reasons, the Court grants Defendants' motion and dismisses this case.

//
//
//
//

**ORDER DISMISSING CASE ^ 1**

# STATEMENT OF FACTS

On June 23, 2015, Plaintiffs filed a Complaint in the Spokane County Superior Court in an attempt to stop the non-judicial foreclosure on the real property located at 12910 E. Sinto Avenue, Spokane Valley, Washington 99216 (the "Property"). The Complaint stated causes of action for Wrongful Foreclosure, Intent to Defraud, Wrongful Claim to Debt Secured by Deed, Violation of Consumer Rights, and Violation of Plaintiffs' Civil Rights. ECF No. 1. The action was removed to the United States District Court for the Eastern District of Washington on July 24, 2015.

On August 4, 2015, Defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. On August 21, 2015, Plaintiffs filed a "Petition for Temporary Restraining Order" to halt the Trustee Sale of the Property scheduled for October 2, 2015. The Court construed Plaintiffs' pleading as a motion for a preliminary injunction. ECF No. 20.

On November 6, 2015, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss (the "November 2015 Order"). ECF No. 57. The Court dismissed all but Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim, and only for alleged violations occurring after June 23, 2012. The Court directed Plaintiffs to file an amended complaint no later than thirty days from the publication of the November 2015 Order. Plaintiffs failed to file an amended complaint as directed.

The Court also denied Plaintiffs' motion for a preliminary injunction, ECF No. 56. The Court found Plaintiffs' had not demonstrated a strong likelihood of success on the merits of their claims.

Instead of filing an amended complaint, Plaintiffs filed a second action in state court, which was promptly removed to this Court. No. 2:15-cv-00329-SAB. On March 22, 2016, the Court dismissed No. 2:15-cv-00329-SAB on claim

**ORDER DISMISSING CASE ^ 2**

preclusion grounds. Then, Plaintiffs filed a motion to stay proceedings, which the Court denied on April 25, 2016. ECF No. 71.

Defendants proceeded with a Trustee Sale of the Property on July 22, 2016, and the Property reverted to the trust. Plaintiffs, facing eviction, filed a motion for a preliminary injunction on August 1, 2016. The Court construed the motion as one for a Temporary Restraining Order ("TRO"), and granted the motion to prevent Plaintiffs' imminent homelessness. ECF No. 81.

At the Court's suggestion, the parties participated in a settlement conference conducted by the Chief Bankruptcy Judge of this District. Unfortunately, the case did not settle. The Court then located a volunteer attorney from the federal bar association who agreed to meet with and provide advice to Plaintiffs regarding this case. The TRO remained in place while these efforts were made, to which Defendants did not object.

Almost a year after the Court's November 2015 Order, Plaintiffs filed a motion to amend their complaint. ECF No. 97. Plaintiff submitted a proposed amended complaint, ECF No. 125, and later a revised proposed first amended complaint. ECF No. 149. On August 30, 2017, the Court granted in part and denied in part Plaintiffs' motion to amend (the "August 2017 Order"). ECF No. 170.

The Court did not accept Plaintiffs' proposed first amended complaint as drafted because many of the proposed claims had previously been dismissed, or failed as a matter of law. Instead, the Court stated "[a] complaint alleging claims in accordance with the Order may be filed." The August 2017 Order provided Plaintiffs with a framework to file an amended complaint alleging the following: (1) any claims for alleged RESPA violations occurring after June 23, 2012 (the earliest possible date for RESPA claims to survive the statute of limitations); (2) any Consumer Protection Act ("CPA") claims predicated on RESPA violations; and (3) an unaddressed CPA claim for attempting to collect on a stale debt within

**ORDER DISMISSING CASE ^ 3**

the statute of limitations. Plaintiffs failed to file an amended complaint in accordance with the Court's August 2017 Order.

Approximately two months later, the Court held a telephonic status conference in order to set discovery and dispositive motion deadlines. Discovery in this matter was to be completed by January 31, 2018, and any dispositive motion were to be filed no later than March 15, 2018. In an attempt to comply with the deadlines set by the Court, Defendants served written discovery upon Plaintiffs and inquired about deposition dates. Plaintiffs did not respond to those inquiries.

On January 31, 2018, Defendants filed the instant motion requesting the Court dismiss this action because Plaintiffs failed to file an amended complaint as directed by two of the Court's Orders. ECF No. 178. Thirty-six days later, Plaintiffs responded by filing a Motion for Sanctions, ECF No. 184.

## STANDARD

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[W]hen a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

To determine whether to dismiss a case for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Fredik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). While preferred, it is not required that the court make explicit findings to show that it has considered these factors. *Id*.

# DISCUSSION

## I. Motion to Strike

In response to Defendants' motion to dismiss, Plaintiffs filed a Motion for Sanctions, ECF No. 184. Defendants request the Court strike this pleading as untimely. Local Rule 7.1 governs motions practice in the United States District Court for the Eastern District of Washington. It provides that unless the court orders otherwise, a pro se litigant must respond to a dispositive motion[1] within thirty days after the mailing of the motion, as noted on the certificate of mailing. LR 7.1(b)(2)(A). If the pro se litigant is registered for Electronic Case Filing, the applicable time begins when the motion is filed. *Id*. "The failure to comply with the requirements of LR 7.1(a) or (b) may be deemed consent to the entry of an Order adverse to the party who violates these rule." LR 7.1(d).

The Court finds Plaintiffs' response to Defendants' motion is untimely. Defendants filed their motion to dismiss on January 31, 2018, and mailed and emailed a copy of the motion to Plaintiffs that same day. As such, Plaintiffs' response was due no later than March 2, 2018. On March 8, 2018, Plaintiffs responded to Defendants' motion by filing a motion for sanctions. Accordingly, the Court strikes Plaintiffs' response as untimely.

## II. Motion to Dismiss

**The Public's Interest in Expeditious Resolution of Litigation**

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Plaintiffs' failure to comply with two of the Court's Orders has interfered with the public's interest in expeditious resolution of this matter.

First, the Plaintiffs failed to file an amended complaint as directed by the Court's November 2015 Order. Instead of filing an amended complaint, Plaintiffs

---

[1] A motion to dismiss is considered a dispositive motion. LR 7.1(a)(3).

**ORDER DISMISSING CASE ^ 5**

filed numerous motions, many of which lacked merit and served no purpose other than to cause unnecessary delay. Plaintiffs also chose to file a second action in state court. That action was later removed to this Court, and dismissed on claim preclusion grounds. Despite Plaintiffs' noncompliance with the November 2015 Order, the Court granted Plaintiffs a second opportunity to file an amended complaint in its August 2017 Order. Again, Plaintiffs failed to comply with the Court's Order. Plaintiffs' conduct has resulted in a significant and unwarranted delay in the resolution of this matter. As such, this factor strongly weighs in favor of dismissal.

**The Court's Need to Manage its Docket**

"District judges are best situated to decide when delay in a particular case interfered with docket management and public interest." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Plaintiffs' failure to comply with two of the Court's Orders has resulted in significant delay in the resolution of this case, and forced the Court to expend significant judicial resources to try and keep this case moving forward. This has interfered with the Court's ability to manage its docket. As such, this factor also weighs strongly in favor of dismissal.

**The Risk of Prejudice to Defendants**

In assessing this factor, the Court examines "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Id*.

The Court finds Plaintiffs' actions have impaired Defendants' ability to go to trial. Aside from failing to file an amended complaint, Plaintiffs have also failed to cooperate with Defendants during the discovery process. Moreover, Plaintiffs offer no excuse for failing to comply with the Court's directive. Therefore, this factor also weighs in favor of dismissal.

**The Public Policy Favoring Disposition of Cases on their Merits**

The Court provided Plaintiffs numerous opportunities to obtain a disposition on the merits of their case against Defendants. On two separate occasions, the Court granted Plaintiffs leave to file an amended complaint. In each Order, the Court provided Plaintiffs with a framework to file an amended complaint with plausible claims. In fact, in its August 2017 Order, the Court provided Plaintiffs guidance in bringing a CPA claim under an unaddressed legal theory. The Court has gone above and beyond its duty to assist Plaintiffs in this case. *See Ferdik v. Bonzelet*, 963 F.3d 1258, 1261 (9th Cir. 1992) ("At all stages of these proceedings the district court not only demonstrated more than adequate sensitivity to [plaintiff's] inexperience as a pro se litigant, but also went out of its way to assist him."). Plaintiffs simply have failed to take advantage of the opportunities and assistance provided to them. For that reason, this factor merits little weight against dismissal.

**The Availability of Less Drastic Alternatives**

"In considering whether less drastic sanction are available, the Court should consider the feasibility of lesser sanctions, whether such sanctions have already been imposed, and whether Plaintiff has been warned of the possibility of dismissal." *Aziparte v. King County*, 2009 WL 564732, No, C07-1998-JCC at *7 (W.D. Wash. March 3, 2009) (citing *Malone*, 833 F.2d at 132).

As indicated above, the Court has provided Plaintiffs the opportunity to amend their complaint on two separate occasions. It has been over two years since the November 2015 Order directed Plaintiffs to file an amended complaint. The Court is not confident that a third opportunity to amend will be any different. And while the Orders did not explicitly warn Plaintiffs that failure to file an amended complaint would result in dismissal, it is clear that the Orders required action on the Plaintiffs' part. It should be no surprise to Plaintiffs that failure to comply with a court order would have consequences.

**ORDER DISMISSING CASE ^ 7**

The Court has used less drastic alternatives to dismissal of this action, and finds they have not worked. As such, this factor also weighs in favor of dismissal.

## CONCLUSION

For the foregoing reasons, the Court exercises its discretion to dismiss Plaintiffs' action pursuant to Fed. R. Civ. P. 41(b), for Plaintiffs' failure to comply with two Court Orders.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss for Plaintiffs' Failure to File an Amended Complaint Pursuant to Two Court Orders, ECF No. 178, is **GRANTED**. Plaintiffs' action is hereby **DISMISSED with prejudice**.

2. Defendants' Motion to Strike Plaintiffs' Untimely Response to Defendants' Motion to Dismiss, ECF No. 185, is **GRANTED**. Plaintiffs' Motion for Sanctions, ECF No. 184, is **STRICKEN**.

3. Any pending motions are **DISMISSED as moot**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and pro se Plaintiffs, and **close** this file.

**DATED** this 26th day of April 2018.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING CASE ^ 8**